OPINION OF THE COURT
Ira Gammerman, J.
In this action the plaintiff claims that surgery performed by Dr. John Seward was negligently performed and, further, that that surgery was performed without her informed consent.
In connection with the causes of action alleging negligence in the performance of surgery, plaintiff has joined as party defendants in addition to Dr. Seward, Dr. Edward Tomaneng, a resident in New York Hospital, and the hospital itself.
The plaintiff consents to the dismissal of the cause of action based on negligent surgery against Dr. Tomaneng and New York Hospital.
The issue before the court is whether or not the resident and the hospital have any liability in connection with the allegation that the surgery was performed without the plaintiff’s informed consent.
For purposes of this motion I am adopting the facts as alleged by the plaintiff, that is that at the time that the *376 consent form was signed by her in the hospital she had a detailed discussion with Dr. Tomaneng, and in the course of that discussion Dr. Tomaneng advised her as to the risks and advantages of the surgery and did not advise her as to a number of risks which a reasonably prudent physician would advise her prior to performing that surgery.
There is no dispute, however, that Dr. Tomaneng did not in any way participate in the surgery which was performed solely by Dr. Seward.
The law, as I view it, does not impose on the doctor who discusses the surgery with the patient any liability for surgery performed without informed consent unless that doctor performs or participates in the performance of surgery.
The action for surgery without informed consent is one against the surgeon who performs that surgery and should the surgeon be acting in the course of his or her employment by an institution, against the institution as well under the doctrine of respondeat superior. Here the surgery was performed by Dr. Seward, a nonemployee of the hospital and there was a failure on the part of the resident, Dr. Tomaneng, to obtain proper consent from the patient. That failure may impose liability on Dr. Seward, but imposes no liability either on Dr. Tomaneng, the resident, or on the hospital.
As a result, the action against those defendants based on the claim of the surgery without informed consent must be dismissed. I will write on the green sheet that this motion is granted for reasons set forth on the record. The action is dismissed as against defendants Tomaneng and New York Hospital. It is so ordered.
[Decision dictated from the Bench.]